# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09-cr-25-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| GREGORY LEE HOLTZCLAW. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a motion filed by defendant's counsel entitled "Motion to Withdraw and to Extend Plea Deadline" (#124). In the motion, defendant's counsel states that the defendant had requested that Mr. Loose withdraw from the case and the defendant was going to hire an attorney. Upon the call of this matter on for hearing, it appeared that the defendant was present and Mr. Loose as counsel was present, and the government was present and was represented by Assistant United States Attorney David Thorneloe. From the statements of Mr. Loose and the statements of the defendant, the court makes the following findings:

**Findings**. At the call of this matter the undersigned heard initial statements from Mr. Loose regarding the reasons why the defendant desired for Mr. Loose to withdraw from the case. The defendant had not retained counsel and no attorney, other than Mr. Loose, appeared in this matter. After hearing initial statements from Mr. Loose the undersigned held a closed hearing aside of the presence of Mr.

Thorneloe, the Assistant United States Attorney. Those statements are sealed and can only be reviewed based upon a subsequent order of either this court or the District Court.

Upon inquiry, in open court, this court discovered this matter was set for trial during the week of July 6, 2009.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Mr. Loose to represent him further; and (3) Whether or not there is such a conflict between the defendant and Mr. Loose that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was filed on June 11, 2009 and was heard on June 19, 2009. Trial is scheduled for July 6, 2009. The undersigned is of the opinion there

is not sufficient time between June 19, 2009 and July 6, 2009 within which to appoint another attorney and for that attorney to be prepared for the trial of this matter. This factor must be weighed against granting the motion.

The undersigned inquired as to the reasons for any conflict between the defendant and Mr. Loose. After hearing in sealed hearing from both Mr. Loose and the defendant it does not appear there is a good and valid reason for any conflict to exists between Mr. Loose and the defendant. The court is of the opinion, based upon previous hearings held by the court in this matter, that Mr. Loose is working hard for his client and is doing a good job representing the defendant in this case. This factor must be weighed against granting the motion.

The undersigned has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Loose that there is a total lack of communication between them preventing an adequate defense. At this time, it does not appear to the undersigned that such a conflict exists between Mr. Loose and the defendant to prevent an adequate defense. The defendant is not financially able to retain an attorney and trial is approaching. As a result, the undersigned finds that this factor should be weighed against granting the defendant's motion.

After considering all the factors, it appears there is little time before trial within which to appoint other counsel who has knowledge of the case that Mr. Loose

possesses. As a result of the inquiry made by the undersigned, the undersigned can find no good reason for appointment of another attorney and that there does not appear to be a lack of communication between Mr. Loose and the defendant that would prevent an adequate defense.

The undersigned has also considered the portion of the defendant's motion requesting additional time to consider entering into a plea agreement. Mr. Thorneloe, in open court, advised that he did not object to allowing further extension of time for a plea agreement to be filed up to and including June 29, 2009.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the portion of the motion entitled "Motion to Withdraw" (#124) is hereby **DENIED** and the portion of the motion "to Extend Plea Deadline" (#124) is **ALLOWED** and the plea deadline in this matter is extended up to and including **June 29, 2009**.

Signed: June 29, 2009

Dennis L. Howell
United States Magistrate Judge