**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:09CR25**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | <u>O R D E R</u> |
| | ) | |
| | ) | |
| GREGORY LEE HOLTZCLAW | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's appeal of the Magistrate Judge's Order of Detention. **See Order, filed July 20, 2009.** For the reasons that follow, the Order of Detention is affirmed.

## I. BACKGROUND

On April 7, 2009, Defendant and 11 co-defendants were charged with one count of conspiracy to possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed April 7, 2009, at 1**. After Defendant's arrest, initial appearance and subsequent arraignment, he was released on a $25,000

unsecured bond and ordered to abide by certain conditions of pretrial release, including home confinement with electronic monitoring.  **See Order Setting Conditions of Pretrial Release, filed June 5, 2009.**  On June 30, 2009, Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to the count charged in the indictment.  On July 2, 2009, Defendant appeared with counsel and formally entered his guilty plea.  **See Rule 11 Inquiry and Order of Acceptance of Plea, filed July 2, 2009.**  A detention hearing followed.  After finding that the Government did not recommend that a sentence of no imprisonment be imposed on Defendant, the Magistrate Judge concluded that the mandatory provisions of 18 U.S.C. § 3143 applied in this case and entered an oral order revoking Defendant's conditions of pretrial release and ordered the Defendant detained without bond pending sentencing.  This appeal follows.

## II. DISCUSSION

The Mandatory Detention Act of 1990 requires that defendants found guilty of certain categories of offenses involving controlled substances be detained pending sentencing.  Defendant does not dispute that the offense

to which he pled guilty gives rise to mandatory detention. However, there are three exceptions to this mandatory detention, only one of the exceptions is relevant here. **See 18 U.S.C. § 3143(a)(2); *United States v. Goforth*, 546 F.3d 712, 713-14 (4th Cir. 2008).** Although Defendant does not cite the relevant statute, the Court will examine Defendant's appeal to determine whether release is appropriate under 18 U.S.C. § 3145(c). This section provides that a "person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." **18 U.S.C. § 3145(c)**.

Defendant states he has been diagnosed with AIDS and is currently receiving medical treatment for this disease. **Notice of Appeal, filed July 10, 2009, at 1**. Defendant asks this Court to review his medical records previously submitted to the Probation Office in connection with this appeal. Defendant also contends that he is not a flight risk or a danger to the community and asks the Court, presumably, to find that those reasons, together with his medical condition, support release pending sentencing.

Defendant has made no showing that he will no longer have access to adequate medical care while detained pending sentencing thus his medical issues will not serve as an exceptional reason.  Nor will a finding that Defendant does not pose a risk of flight suffice.  The Court finds that the charge to which Defendant pled guilty represents conduct that undoubtedly poses a serious risk of danger to the community.  In short, the Court finds Defendant's arguments are unavailing and do not support a finding of exceptional reasons as required by § 3145(c).

Courts considering the meaning of "exceptional reasons" have generally concluded that a defendant must present circumstances that are "clearly out of the ordinary, uncommon or rare." **United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (rejecting defendant's argument that complying with pretrial release terms, a lack of criminal history, child support obligations, and continued employment represent exceptional reasons);** see also **United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" (quoting United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)).**

After considering Defendant's arguments, the FTR recording of the Rule 11 and detention hearing, Defendant's medical records, and the relevant case law, the Court concludes Defendant has offered insufficient evidence to support his release under § 3145(c).

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's appeal of the order of detention is **DENIED**, and the Magistrate Judge's order of detention is **AFFIRMED**.

Signed: July 20, 2009

Lacy H. Thornburg
United States District Judge